IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JC&C INCORPORATED, a Georgia
corporation, et al.,

    Plaintiffs,

      v.

                       CIVIL ACTION FILE
                       NO. 1:11-CV-3591-TWT

PEERLESS INDEMNITY
INSURANCE COMPANY
a foreign insurance company,

    Defendant.

ORDER

      This is an action for breach of an insurance contract.  It is before the Court

on the Defendant's Motion for Summary Judgment [Doc. 30].  For the reasons set

forth below, the Court GRANTS the Defendant's Motion for Summary Judgment

and DENIES as moot the Defendant's Motion Requesting That the Court Enter as

Admitted all of Defendant's Statement of Facts That no Genuine Issues Remain to

be Tried by Reason of Plaintiffs' Failure to Respond to Same [Docs. 62 & 63].

I.  Background

      The Plaintiffs are JC&C Inc. and its only two officers, Lawrence James Helfrich

and Jeanne Marie Helfrich.  Their insurance claim arises from a fire that occurred on

October 4, 2009, at 270 Rucker Road, Alpharetta, Georgia (the "Property").  The

Property housed a Carvel Ice Cream franchise owned and operated by JC&C Inc.

At about 2:00 a.m. on October 4, 2009, the Roswell Fire Department responded to a reported burglary in connection with a building fire at the Property. The Roswell Fire Department Arson Unit determined that the fire was due to arson. (Daunt Dep. at 40-45.) The fire started from at least five separate points and there was no continuity between those points. There was weathered gasoline present in samples taken from the scene. Two gasoline cans which the insured brought to the store the day prior to the fire and which had never been in the Property before were also present.

The Plaintiffs had an insurance contract (the "Policy") for the Property that covered loss as a result of a fire. Of course, the Policy did not cover damage resulting from a fire that was intentionally started by the insured. The Defendant, Peerless Indemnity Insurance Company ("Peerless"), believes that the Plaintiffs started the fire intentionally in order to collect insurance money. At the time of the fire, the Helfrichs were having severe financial problems and the store was losing money. Eighteen months prior to the fire Mr. Helfrich lost his job with GE Capital. At the time of the fire the Plaintiffs were drowning in debt. (L. Helfrich Dep. at 33-34.) Jeanne Helfrich stated that the store never made a profit in four years from the day it opened. The Plaintiffs believe that the fire was intentionally set. (Pls.' Br. in Opp'n to Def.'s Mot.

for Summ. J., at 2.)  However, the Plaintiffs deny that they set the fire, and "have reason to believe that the fire was set by a local drug dealer who mistakenly set fire to the wrong store." (Id.) Law enforcement investigated the Plaintiffs' theory without success.  (Daunt Dep. at 52-53.)

Peerless refused to pay the Plaintiffs' claim, and the Plaintiffs have sought relief in the courts.  The Plaintiffs filed their Complaint in the Superior Court of Fulton County on October 3, 2011.  The Defendant removed the Complaint to this Court on October 19, 2011 [Doc. 1].  Under the Policy, Peerless has the right to conduct a thorough investigation into the source of a fire prior to the insured filing a lawsuit. (Def.'s Statement of Material Facts ¶ 61.) Peerless may reasonably request documents and records from the insured that will assist its investigation.  The Defendant filed this Motion for Summary Judgment on December 10, 2012 [Doc. 30].  Peerless argues that the Plaintiffs breached the insurance contract by making misrepresentations and concealing evidence during the investigation, by failing to provide requested material documents and records, and by failing to identify their damages.

## II.  Summary Judgment Standard

Summary judgment is appropriate only when the pleadings, depositions, and affidavits submitted by the parties show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c).

The court should view the evidence and any inferences that may be drawn in the light most favorable to the nonmovant. Adickes v. S.H. Kress & Co., 398 U.S. 144, 158-59 (1970). The party seeking summary judgment must first identify grounds that show the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986). The burden then shifts to the nonmovant, who must go beyond the pleadings and present affirmative evidence to show that a genuine issue of material fact does exist. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 257 (1986).

## III.  Discussion

The Plaintiffs concede that the Defendant's Motion for Summary Judgment on the Plaintiffs' bad faith claim under O.C.G.A. § 33-4-6 should be granted. The Defendant's Motion is granted as to this claim, and the Court now considers the remainder of the Defendant's Motion for Summary Judgment.

### A.   Misrepresentation, Fraud and Concealment

The Plaintiffs made misrepresentations during the investigation. Jeanne Helfrich testified that the only thing taken during the break-in was the cash bag in the back of the store with approximately $400. (J. Helfrich EOU, at 67.) During his Examination Under Oath,  Larry Helfrich testified that a $12,000 espresso machine was also stolen during the break-in. (L. Helfrich EOU, at 98-100.) Thirty-six days after his Examination Under Oath, Lawrence Helfrich submitted that the arsonists also

stole a Taylor Pump Ice Cream Machine valued at $16,100, another ice cream machine valued at $3,700, a $200 stainless steel rack, a Radiant POS system worth $7,600, and two Chocolate Tempering Machines worth $6,500.  Lawrence Helfrich then changed his story about the espresso machine during his deposition, testifying that the espresso machine had been in an empty store front adjacent to the Windy City Grill on the day of the fire all along.  (L. Helfrich Dep. at 42-43.)

Lawrence Helfrich told the police that there had been a surveillance recording system installed in the Property in 2009, but that he had removed the surveillance equipment from the Property several months prior to the fire and transferred the system to the Windy City Grill.  Mr. Helfrich testified that the recording system had been unscrewed.  Jeanne Helfrich testified during her videotaped interrogation that the surveillance system at the Property had been moved one or two days before the fire.  Ms. Helfrich testified that the surveillance system cables had been unscrewed carefully and not cut.  Detective DeWeese testified that the surveillance system cables had been cut, and his testimony is supported by photographic evidence.  The Plaintiffs do not dispute that they made misrepresentations to the police, but argue, "[r]egarding the surveillance system, there is no legal authority for contending representations made to law enforcement constitute a proper basis for voiding a claim under the misrepresentation clause of the insurance policy."  (Pls.' Br. in Opp'n to Def.'s Mot.

for Summ. J., at 13.)

The Plaintiffs do not dispute the above facts; the Plaintiffs only dispute that they were misrepresentations.   "If reasonable minds could differ on the inferences arising from undisputed facts, then a court should deny summary judgment." <u>Allen v. Tyson Foods, Inc.</u>, 121 F.3d 642, 646 (11th Cir. 1997), quoting <u>Miranda v. B & B Cash Grocery Store, Inc.</u>, 975 F.2d 1518, 1534 (11th Cir. 1992).  However, reasonable minds could only infer from these undisputed facts that the Plaintiffs did make misrepresentations to Peerless.  Therefore, the Plaintiffs' misrepresentations void the Policy.   (<u>See</u> Def.'s Statement of Material Facts ¶ 62.)   The Plaintiffs' misrepresentations provide grounds for the Court to grant the Defendant's Motion for Summary Judgment.

> B.   <u>Failure to Provide Requested Documents and Records</u>

"When questions exist as to the cause of a fire for which a claim is made, the insurer has the right to investigate before reaching a decision as to whether to pay the claim." <u>Farmer v. Allstate Ins. Co.</u>, 396 F. Supp. 2d 1379, 1381 (N.D. Ga. 2005), citing <u>Pervis v. State Farm Fire & Cas. Co.</u>, 901 F.2d 944, 946 (11th Cir. 1990).  The Plaintiffs are "required to cooperate with the insurer in investigation and resolution of the claim." <u>Diamonds & Denims, Inc. v. First of Ga. Ins. Co.</u>, 203 Ga. App. 681, 683 (1992).  Peerless contends that the Plaintiffs have failed to cooperate in the

investigation by refusing to turn over material documents and records.

Georgia law requires "an insured to provide any 'material information' to the insurer that the insurer is entitled to receive under the insurance policy, and, absent an excusable failure to do so, [such failure] constitutes a breach of the insurance contract." Hines v. State Farm Fire & Cas. Co., 815 F.2d 648, 651 (11th Cir. 1987), citing Halcome v. Cincinnati Ins. Co., 254 Ga. 742, 744 (1985).  The insurance contract in this case provides that the insured must "[a]s often as may be reasonably required, permit [Peerless] to…examine your books and records."  (Def.'s Statement of Material Facts ¶ 61.)

The issue is whether the requested information that the Plaintiffs failed to provide was material to the Plaintiffs' claim for coverage.  If an insured "fail[s] to provide *any* material information called for under...the policy…[he] breach[es] the insurance contract."  Halcome v. Cincinnati Ins. Co., 254 Ga. 742, 744 (1985) (emphasis in original). In a case where there is possible fraud, such as this one, information about the insured's income and financial situation is material and relevant to possible fraud and to the insured's possible financial motive.  See Meyers v. State Farm Fire & Cas. Co., 801 F. Supp. 709, 716 (N.D. Ga. 1992) ("[I]t is merely a matter of common sense that where an insurer alleges arson as a defense to a claim for fire loss, the financial status and potential financial gain to the insured--as the suspected

arsonist—are circumstances material to that defense."); <u>Halcome</u>, 254 Ga. at 744 ("[W]here there is evidence of possible fraud[,] [a] complete investigation of the claim includes an investigation of the suspected fraud.  Under these facts the [Plaintiffs'] recent income and sources of income are relevant.").  More specifically, the issue in this case is whether the Plaintiffs provided enough financial information so that the financial information that they failed to provide was no longer material.

The Defendant requested documents from the Plaintiffs "in order to ascertain the amount of the loss, whether the insureds were in financial distress at the time of the fire, if there was a motive for setting the fire, the degree of financial difficulties experienced by the insured, as well as documents to establish alibis for the insureds at the time of the fire and a multitude of other documents to establish alibis for the insureds at the time of the fire and a multitude of other documents necessary for Peerless to investigate germane to questions surrounding a fire which was declared to be arson, with multiple points of origin, using an accelerate, and insureds who had motive, means and opportunity to set this incendiary fire at a business which had been struggling for several years prior to the fire in question." (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 4-5.)  The Plaintiffs did not produce these documents prior to the filing of the lawsuit, as required by the Policy, which states that "[n]o one may bring a legal action against us…unless [t]here has been full compliance with all the

terms of this coverage part." (Id., at 6.)  The Defendant requested specific, material documents, and the Plaintiffs did not have a valid excuse for failing to provide them.

Prior to the filing of the lawsuit, the Plaintiffs did not produce their 2006, 2007 and 2008 tax returns, documents reflecting income for 2008 and 2009, the inventory form, proof of loss, the franchise agreement, payroll records, 401K invoices, American Alarm statements, invoices for supplies or sales information, or the purchase agreement for Pamela's Chocolates. (L. Helfrich EOU, at 137-143, 146, 151.)  The Plaintiffs furnished some financial documents after November 30, 2012, which was long after the lawsuit was filed and after discovery had closed.  While the Plaintiffs provided the Defendant with an IRS Form 4506 in order to obtain the Plaintiffs' Income Tax Returns, this information was unhelpful to the Defendant because the Plaintiffs did not file tax returns in 2008, 2009, 2010, or 2011.  (L. Helfrich Dep. at 55, 157.)  Furthermore, while the Plaintiffs contend that they provided an Authorization to Peerless to obtain information regarding the Plaintiffs' finances, before such information could have been requested by Peerless, the Plaintiffs first had to provide account numbers and names of institutions to whom the Authorization was to be sent, and except for the documents which were not produced until after November 30, 2012, that information was never furnished to Peerless. (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 8.)

The Plaintiffs' substantial and nearly complete failure to provide requested financial documents is much more similar to the refusals of the insureds to comply in Halcome v. Cincinnati Ins. Co., 254 Ga. 742 (1985), and Allstate Ins. Co. v. Hamler, 247 Ga. App. 574 (2001), than it is to the partial and possibly good-faith effort of the insured to comply in Diamonds & Denims, Inc. v. First of Ga. Ins. Co., 203 Ga. App. 681 (1992). Also, unlike the insurer in Diamonds & Denims, Peerless provided the insured with a list of specific documents requested and reiterated its request after the documents were not provided to it. Diamonds & Denims, 203 Ga. App. at 683. Unlike the insured in Lucas v. State Farm Fire & Cas. Co., 864 F. Supp. 2d 1346 (M.D. Ga. 2012), the Plaintiffs do not contest that they provided the insurer with all of the information requested, nor do they have a potentially valid excuse for their refusal to furnish the documents. Lucas, 864 F. Supp. 2d at 1354-55. "Failure to comply with policy provisions which are conditions precedent to bringing suit is a breach which precludes recovery as a matter of law." Roberts v. State Farm Fire & Cas. Co., No. 7:11-CV-86, 2011 WL 6215700, at *5 (M.D. Ga. Dec. 14, 2011), citing Farmer, 396 F. Supp. 2d at 1382; also see Hurston v. Georgia Farm Bureau Mut. Ins. Co., 148 Ga. App. 324, 325 (1978). The Plaintiffs' failure to provide requested financial documents is grounds for the Court to grant summary judgment to the Defendant.

C.     Proof of Damages

Finally, the Defendant argues that the Plaintiffs have not stated what their damages are, which in itself is grounds for granting a summary judgment motion. "Where a party sues for damages, he has the burden of proof of showing the amount of loss in a manner in which the jury or the trial judge in nonjury cases can calculate the amount of the loss with a reasonable degree of certainty. An allowance for damages cannot be based on guess work." Big Builder, Inc. v. Evans, 126 Ga. App. 457, 458 (1972). In order to recover under a breach of contract, the damages claimed must be capable of "exact computation." Lankford v. Trust Co. Bank, 141 Ga. App. 639, 641 (1977).

In this case, the Plaintiffs have never produced evidence of their damages. The Plaintiffs stated in their Responses to the Defendant's Interrogatories that they were unable to calculate damages of their loss. The Plaintiffs promised to supplement their Interrogatories to specify damages at a later time. (L. Helfrich EOU, at 137.) Nevertheless, Plaintiff Lawrence Helfrich still could not calculate his damages at the time of his Deposition. (L. Helfrich Dep. at 145.) As of the time of the filing of the Defendant's Reply Brief, the Plaintiffs had still not established any amount of damages. (Reply Br. in Supp. of Def.'s Mot. for Summ. J., at 4.) The Plaintiffs' failure to produce evidence showing the amount of the loss is another basis for the

granting of the Defendant's Motion for Summary Judgment.

## IV.  Conclusion

For the reasons set forth above, the Court GRANTS the Defendant's Motion for Summary Judgment [Doc. 30] and DENIES as moot the Defendant's Motion Requesting That the Court Enter as Admitted all of Defendant's Statement of Facts That no Genuine Issues Remain to be Tried by Reason of Plaintiffs' Failure to Respond to Same [Docs. 62 & 63].

SO ORDERED, this 3 day of April, 2013.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge